IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| LESTER JOE MUNN #00620696 | § | |
| v. | § | CIVIL ACTION NO. 5:23cv70 |
| SANDRA CLARK, ET AL. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Lester Munn, a prisoner currently confined in the Texas Department of Criminal Justice - Correctional Institutions Division, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged deprivations of his constitutional rights. The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Plaintiff complains that on August 29, 2019, at the Telford Unit of TDCJ, he was subjected to excessive force by Officers Bates, Sission, Clark, and two unknown officers, in which the officers stabbed him in the face with a sharp object, struck him in the face, threw him to the ground, choked and kicked him, and allowed dogs to attack and bite him. He was then taken to the infirmary where an unknown nurse was deliberately indifferent to his medical needs. He was placed in a mental health unit where he was not allowed anything other than a suicide blanket, and as a result was unable to timely file his grievances.

Plaintiff signed his complaint on June 30, 2023, over three years and nine months after the incident forming the basis of the claim. There is no federal statute of limitations for §1983 actions; instead, federal courts borrow the forum state's general personal injury limitations period and applicable tolling provisions. *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989). The

applicable period in Texas is two years. Tex. Civ. Prac. & Rem. Code §16.003(a); *Pete v. Metcalfe*, 8 F.3d 214, 217 (5th Cir. 1993).

Although Texas law governs the limitations period and the tolling exceptions, federal law governs when the cause of action accrues. Under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Burrell*, 883 F.3d at 418. This means that for the limitations period to commence, the plaintiff need not realize that a legal cause of action exists, but need only know the facts that would support a claim. *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995).

Plaintiff offers nothing to suggest he did not know the facts of the incident when it occurred on August 29, 2019. Nor has he shown any basis for commencing the limitations period at a different time. *Whitaker v. McDonald*, 2022 U.S. App. LEXIS 394, 2022 WL 68972 (5th Cir., January 6, 2022). Thus, Plaintiff's limitation period began to run on August 29, 2019, and expired two years later, on August 29, 2021.

Neither has Plaintiff shown any basis for equitable tolling of the statute of limitations. *See Crostley v. Lamar City, Texas*, 717 F.3d 410, 421 (5th Cir. 2013). The Fifth Circuit has explained that "Texas applies equitable tolling sparingly, looking to whether a plaintiff has diligently pursued his or her rights; litigants cannot use the doctrine to avoid the consequences of their own negligence." *Bonner v. Pace*, 2022 U.S. App. LEXIS 5787, 2022 WL 636683 (5th Cir., March 4, 2022). Plaintiff's lawsuit is thus barred by the statute of limitations.

In addition, Plaintiff's lawsuit suffers from another flaw. Court records show that the Plaintiff Lester Joe Munn has filed at least three lawsuits which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Munn v. Officer John Doe*, civil action no. 4:15cv1767 (S.D.Tex., July 24, 2017); *Munn v. Harlan*, civil action no. 3:98cv11 (N.D.Tex., April 23, 1998); *Munn v. Harlan*, civil action no. 3:97cv2411 (N.D.Tex. 1997); *Munn v. Armstrong*, civil action no. 6:23-cv-87 (W.D.Tex. 2023) (dismissed as barred by the three-strike provision of 28 U.S.C. § 1915(g)).

This statute, 28 U.S.C. §1915(g) was added by Act of Congress on April 26, 1996 as part of the Prison Litigation Reform Act. The statute provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Because Plaintiff has three strikes and thus falls under the Act, he cannot proceed under the *in forma pauperis* statute unless he shows that he was in imminent danger of serious physical injury as of the date of the filing of the lawsuit. *See Baños v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998). This imminent danger must relate to the allegations of the complaint. *Judd v. Federal Elections Commission*, 311 F.App'x 730, 2009 U.S. App. LEXIS 3464, 2009 WL 423966 (5th Cir., February 20, 2009).

In order to meet the imminent danger requirement of §1915(g), the threat must be "real and proximate." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Allegations of past harm do not suffice; the harm must be imminent or occurring at the time that the complaint or notice of appeal is filed, and the exception refers to "a genuine emergency" where "time is pressing." *Heimerman v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003). In passing the statute, Congress intended a safety valve to prevent impending harms, not those which had already occurred. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3rd Cir. 2001). In that case, the Third Circuit rejected a claim that allegations of having been sprayed with pepper spray, combined with a claim that prison officials engaged in "continuing harassment, plots to hurt or kill him, and other forms of retaliation," sufficiently alleged imminent danger.

In this case, Plaintiff does not allege imminent danger related to the allegations of the complaint; on the contrary, the incidents related in the complaint occurred almost four years ago at the Telford Unit, and Plaintiff is now at the Hughes Unit. In the absence of any showing of imminent danger, Plaintiff cannot proceed *in forma pauperis*, and his lawsuit may be dismissed on this basis as well.

## RECOMMENDATION

It is accordingly recommended that the Plaintiff be denied *in forma pauperis* status and that the above-styled civil rights lawsuit be dismissed with prejudice as to the refiling of another *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit upon payment of the full $402.00 filing fee or proof that Plaintiff is in imminent danger of serious physical injury related to the basis of the complaint.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

SIGNED this the 16th day of August, 2023.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE